1

Steven J. Cooper, State Bar No. 81689

2

**THE LAW OFFICES OF STEVEN J. COOPER**
21515 HAWTHORNE BOULEVARD,

3

SUITE 980
TORRANCE, CALIFORNIA 90503

4

PHONE (310) 316-1899
FAX (310) 540-8142

5

6

Attorney for Defendant(s): Steven J. Cooper; Richard
Garcia; Garcia Tirado Family Trust & Law Office of
Stephen J. Cooper

7

8

9

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

10

## WESTERN DIVISION

11

12

CARLA L. MARTINEZ &
CHRISTOPHER MARTINEZ,

Bankruptcy Case No.: 2:24-bk-13606-NB
Chapter 7

13

14

15

PLAINTIFF(S),

**ANSWER TO ADVERSARY
PROCEEDING & COMPLAINT FOR
UNKNOWN AND UNDESCRIBED
CLAIMS OSTENSIBLY SEEKING
MONETARY DAMAGES,
INJUNCTIVE RELIEF,
REFORMATION OF TITLE AND
DECLARATORY RELIEF**

16

v.

17

18

GARCIA TIRADO FAMILY
TRUST, RICHARD GARCIA,
CYNTHIA TIRADO, RELIABLE
TRUST DEED SERVICES INC,
EVERADO MIRAMONTES,

19

20

21

22

DEFENDANT(S).

23

24

### I.    ANSWERING PARTIES

25

1.      This Answer To the Adversary Complaint arising out of acts which occurred before 2012

26

in the within Chapter 7 Bankruptcy Petition is filed on behalf of the named Defendant(s), The

27

Garcia Tirado Family Trust, Cynthia Tirado & Richard Garcia, hereinafter referred to as

28

–1–

## ANSWER TO ADVERSARY PROCEEDING FOR UNKNOWN AND
## UNDESCRIBED CLAIMS

THE LAW OFFICES OF
**STEVEN J. COOPER**
21515 HAWTHORNE BLVD., SUITE 1150
TORRANCE, CALIFORNIA 90503
AREA CODE (310) 316-1899

"Answering Party Defendants," or "Answering Adversarial Defendants."

## II.    PRELIMINARY STATEMENT OF FACTS

2.      The within Complaint is yet another in a series of continuing, unfortunate but predicable tactics by debtor to violate the law and illegally hold possession of real property, to wit 3964 Redwood Avenue Los Angeles, CA 90066.

3.      Said real property was acquired through foreclosure by The Garcia Tirado Family Trust, (hereinafter "the Trust") Richard Garcia Trustee, in 2011. Since that time, debtor has refused to surrender possession and has sued one (1) or more of these answering Defendant(s) repeatedly for spurious and sham claims, costing the Trust tens of thousands of dollars. This is not the first bankruptcy filed by the debtor, to thwart the Trust efforts to gain possession of their property. Moreover, the within Bankruptcy Petition was not filed until well after both the Judgment of Unlawful Detainer was entered and Writ of Execution For Possession issued in the Superior Court of Los Angeles, State of California, which Judgment for Unlawful Detainer and Eviction was entered on March 6th, 2024 in Case No. 23SMUD02052. The trial court charitably stayed the eviction sixty (60) days to give the debtor additional time to move out, through May 5th, 2024.

4.      The Trust directed the Sheriff to conduct the eviction by written instructions dated prior to the May 5th, 2024 lockout date pursuant to it's Writ of Possession also issued prior to that date. Answering parties including the Trust, are informed and believe that debtor's within Chapter 7 Petition was not filed until May 8th, 2024, after the Judgment and Writ of Possession were issued, and after the Writ of Possession was delivered to the LA County Sheriff with instruction to evict. These answering party Defendants are informed and believe that an Eviction action may proceed even during the course of a bankruptcy, where the debtor's petition is not filed until after issuance of Judgment and Writ of Possession (CCP 715.050; *Lee v. Baca* (1999) 73 Cal App 4th 1116, 1119-1122). The automatic stay provisions do not prohibit a landlord from regaining possession of the residential premises from a wrongfully holding over bankruptcy debtor tenant if the landlord seeks only repossession. If a Judgment of Possession is obtained before the tenant files for Bankruptcy, there is no automatic stay and the eviction may proceed.

THE LAW OFFICES OF
STEVEN J. COOPER
2515 HAWTHORNE BLVD., SUITE 1150
TORRANCE, CALIFORNIA 90503
AREA CODE (310) 316-1899

2–

**ANSWER TO ADVERSARY PROCEEDING FOR UNKNOWN AND
UNDESCRIBED CLAIMS**

1  4B.    Debtors First Adversarial Complaint against these answering party Defendants was

2  dismissed by the court on or about 9/24/24; Debtor now presents a new theory of recovery

3  against these answering Defendants, the entire gravamen of which, relies upon allegations that

4  the original foreclosure which precipitated Defendant's deed of title, which occurred in 2011,

5  some 14 years ago, was somehow tainted by fraud. Debtor alleges therefore, that all of

6  Defendant's conduct in attempting to evict debtor from the premises, and perfect title and

7  possession in Defendant's name, was also fraudulent, criminal, racketeering and otherwise

8  improper so as to justify or support all of the extreme relief requested; although Debtor makes

9  multiple references to the alleged improper, "STEALTH FORECLOSURE SALE", she carefully

10  and stealthfully omits to reference the date of same, thereby presumably attempting to avoid

11  making the so called adversarial compliant void on it's face, as legally stale and barred by

12  collateral estoppel from multiple court findings "res judicata" in other actions. Debtor has

13  attempted to raise this 13-14 year old defense at every turn, including multiple eviction actions.

14  <center>**II.   DENIAL OF ALLEGATIONS**</center>

15  5.    These answering adversarial Defendants jointly and severally deny all of the allegations

16  in the Complaint for Fraud including that said Defendants willfully violated any automatic stay

17  engaged in racketeering or bogus foreclosure action(s), or caused Plaintiff's damages, including

18  personal injury and sleepless nights. These answering party Defendants deny that Plaintiff/debtor

19  is entitled to punitive damages, injunctive or monetary relief.

20  6.    Said answering party Defendants deny that the Court has jurisdiction over this adversary

21  proceeding as it was filed and served untimely and the facts do not support subject matter

22  jurisdiction; debtor is neither entitled to injunctive, equitable or declaratory relief or legal

23  damages.

24  7.    These answering party Defendants deny that Christopher Martinez, the spouse of debtor,

25  is a party to this action and entitled to seek relief against them.

26  8.    These answering party Defendants deny generally and specifically the allegations of

27  paragraph 5 of the adversarial complaint for fraud.

28

<center>3–</center>

<center>**ANSWER TO ADVERSARY PROCEEDING FOR UNKNOWN AND
UNDESCRIBED CLAIMS**</center>

THE LAW OFFICES OF
STEVEN J. COOPER
21515 HAWTHORNE BLVD., SUITE 1150
TORRANCE, CALIFORNIA 90503
AREA CODE (310) 316-1899

9.      These answering party Defendants deny generally and specifically the allegations of paragraph 6 of the adversarial complaint for fraud.

10.     These answering party Defendants deny generally and specifically the allegations of paragraphs 8-10, 14, 15, 16 and 17 of the adversarial complaint for fraud, fraudulent transfer, racketeering, RICO violations, computer fraud, and forgery.

11.     These answering party Defendants deny generally and specifically the allegations of paragraph 8 of the adversarial complaint for fraud, and specifically deny that the "Law Office of Stephen J. Cooper" is a law firm, organized in California, or is a viable entity.

12.     These answering party Defendants deny generally and specifically the allegations of paragraph 9 of the adversarial complaint for fraud.

13.     These answering party Defendants deny generally and specifically the allegations of paragraph 10 of the adversarial complaint for fraud.

14.     These answering party Defendants deny generally and specifically the allegations of paragraph 11 of the adversarial complaint for fraud.

15.     These answering party Defendants deny generally and specifically the allegations of paragraph 12 of the adversarial complaint for fraud.

16.     These answering party Defendants deny generally and specifically the allegations of paragraph 13 of the adversarial complaint for fraud, including that the automatic stay was misrepresented as having been lifted when in fact it was never enforceable or lifted or that the eviction or lockout were illegal and that Defendants' initiated actions with the Inglewood Sheriffs on or after July 12th, 2024 and that debtors changed locks during any enforceable automatic stay.

17.     These answering party Defendants deny generally and specifically the allegations of paragraph 14 of the adversarial complaint for fraud.

18.     These answering party Defendants deny generally and specifically the allegations of paragraph 15 of the adversarial complaint for fraud.

19.     These answering party Defendants deny generally and specifically the allegations of

THE LAW OFFICES OF
STEVEN J. COOPER
2525 HAWTHORNE BLVD, SUITE 1150
TORRANCE, CALIFORNIA 90503
AREA CODE (310) 316-1899

–4–

**ANSWER TO ADVERSARY PROCEEDING FOR UNKNOWN AND UNDESCRIBED CLAIMS**

paragraph 16 of the adversarial complaint for fraud, and specifically deny that they received any "urgent letter."

20.    These answering party Defendants deny generally and specifically the allegations of paragraph 17 of the adversarial complaint for fraud.

21.    In response to the first cause of action of the adversarial complaint for fraud, these answering party Defendants deny generally and specifically each and every allegation therein, including those set forth in paragraphs 19 - 27 of said complaint.

22.    In response to the second cause of action of the adversarial complaint for "pursuit of illegal profit" and fraud, these answering party Defendants deny generally and specifically each and every allegation therein, including those set forth in paragraphs 28 - 34 of said complaint.

23.    In response to the third cause of action of the adversarial complaint for fraud and fraudulent foreclosure deed, these answering party Defendants deny generally and specifically each and every allegation therein, including those set forth in paragraphs 36 - 42 of said complaint.

24.    In response to the fourth cause of action of the adversarial complaint for fraud and fraudulent eviction, these answering party Defendants deny generally and specifically each and every allegation therein, including those set forth in paragraphs 43 - 47 of said complaint.

25.    In response to the fifth cause of action of the adversarial complaint for fraud for, inter alia, foreclosure on commercial lien, these answering party Defendants deny generally and specifically each and every allegation therein, including those set forth in paragraphs 48-62 of said complaint.

26.    In response to the allegations for violations of Fair debt collection practices in paragraphs 63-88, and the prayer for relief of the adversarial complaint for fraud, and the descriptions of intentional and willful acts described in paragraphs 60 - 88 of said complaint, these answering party Defendants deny generally and specifically that they committed any fraud, illegal or intentional acts, violated any statute or law of the United States, violated any automatic stay or other provisions of the US Bankruptcy Code and deny that debtor has suffered any damages,

THE LAW OFFICES OF
STEVEN J. COOPER
21515 HAWTHORNE BLVD., SUITE 1150
TORRANCE, CALIFORNIA 90503
AREA CODE (310) 316-1899

5–

**ANSWER TO ADVERSARY PROCEEDING FOR UNKNOWN AND
UNDESCRIBED CLAIMS**

1   denies that any acts of these answering Defendants caused the debtor to suffer any damages and

2   deny that they are liable whatsoever to the debtor.

3                           **III.   AFFIRMATIVE DEFENSES**

4   27.      These answering party Defendants allege that debtors have no standing to prosecute the

5   adversarial complaint.

6   28.      These answering party Defendants allege that they are immune from prosecution for

7   pursuing civil process, consistent with California Civil Code §36.

8   29.      These answering party Defendants assert that the debtor has abused process and filed a

9   sham complaint to aid and assist her illegal conduct in preventing the Trust from obtaining

10  possession of it's own property. Since filing of the within Adversarial Complaint For Fraud,

11  Debtor has continued to flaunt the law and lie, cheat and steal, including filing and recording,

12  illegally, a purported Deed on the subject property, instrument no. 202405A1949 of which any

13  purported claim of title would have been vested in the Trustee on 8-5-2024.

14  30.      These answering party Defendants assert that the adversarial complaint for fraud is

15  completely incoherent and incomplete, fails to allege actionable facts, and does not state a cause

16  of action against them or each of them or any of them, anywhere on it's face.

17  31.      These answering party Defendants deny that debtor has any lawful or other valid claim to

18  possession to the subject property.

19  32.      These answering party Defendants assert that the debtor has committed trespass,

20  vandalism and fraud in addition to burglary and other penal code violations in re-entering the

21  property after she was legally evicted in or about July of 2024.

22  33.      These answering party Defendants assert that they have valid and lawful claims for set off

23  against debtor/Plaintiff, for fair market rental value of the subject premises for more than

24  fourteen (14) years, damages for waste, vandalism, trespass, and other credits which must

25  constitute set off for any damages alleged.

26  34.      These answering party Defendants further assert that all of Debtor's claims are in bad

27  faith, and barred by res judicata and multiple statutes of limitations; these answering Defendants

28

THE LAW OFFICES OF
**STEVEN J. COOPER**
21515 HAWTHORNE BLVD., SUITE 1150
TORRANCE, CALIFORNIA 90503
AREA CODE (310) 316-1899

6–

**ANSWER TO ADVERSARY PROCEEDING FOR UNKNOWN AND
UNDESCRIBED CLAIMS**

1  reserve the right to assert any additional affirmative defenses as dictated by proof, investigation

2  and discovery in this action.

3  35.    WHEREFORE these answering party Defendants request that the within compliant be

4  dismissed, that debtor takes noting by the said adversarial action and that they be awarded costs

5  and attorneys fees.

6

7                                                              Steven J. Cooper,

8  Dated _November 18th, 2024_

9                                                              Attorney For Richard A. Garcia, an individual, and
                                                              in his capacity as Trustee of the Garcia Tirado
10                                                             Family Trust Dated 8/21/2008, and Cynthia
                                                              Tirado, an individual
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LAW OFFICES OF
STEVEN J. COOPER
21515 HAWTHORNE BLVD., SUITE 1150
TORRANCE, CALIFORNIA 90503
AREA CODE (310) 316-1899

—7—

**ANSWER TO ADVERSARY PROCEEDING FOR UNKNOWN AND
UNDESCRIBED CLAIMS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

21515 Hawthorne Blvde., Suite 980
Toprrance, CA 90503

A true and correct copy of the foregoing document entitled (*specify*): _____
ANSWER TO ADVERSARY PROCEEDING & COMPLAINT FOR UNKNOWN AND UNDESCRIBED CLAIMS
OSTENSIBLY SEEKING MONETARY DAMAGES, INJUNCTIVE RELIEF, REFORMATION OF TITLE AND
DECLARATORY RELIEF
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __11/19/2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Carla L. Martinez &                      Honorable Neil W. Bason
Christopher Martinez                     United States Bankruptcy Court
3964 Redwood Avenue                      Edward R. Roybal Federal Building and Courthouse
Los Angeles, CA 90066                    255 E. Temple Street, Suite 1552 / Courtroom 1545, Los Angeles, CA 90012
                                         ☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| __11/19/2024__ | __CHRIS COOPER__ | __*(signature)*__ |
|---|---|---|
| Date | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.